UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICELAND FOODS, INC. and ) <br> TOKIO MARINE EUROPE INSURANCE LTD., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SCF MARINE, INC., ) <br> ) <br> Defendant. ) | Case No. _____ |

## COMPLAINT

COME NOW Plaintiffs, Riceland Foods, Inc., as owner of certain cargo of No. 2 long grain milled rice in bulk, and Tokio Marine Europe Insurance Ltd., its insurer, and for their Complaint against Defendant SCF Marine, Inc. state as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333 for breach of a maritime contract and for negligence under the General Maritime Law.

2. At all times material hereto, plaintiff, Riceland Foods, Inc. ("Riceland"), was and still is a cooperative organized and existing under the laws of the State of Arkansas, with its office and principal place of business in Stuttgart, Arkansas, and which was, at all times material hereto, the owner of a certain cargo of No. 2 long grain milled rice in bulk which was loaded at New Madrid, Missouri onboard various barges which were owned and/or operated by SCF Marine, Inc. ("SCF") to be carried onboard said barges to Darrow, Louisiana.

3. At all times material hereto, plaintiff, Tokio Marine Europe Insurance Ltd., was and still is a foreign insurance company domiciled in and with its principal place of business in a

place other than the State of Missouri, and which was the insurer of Riceland and the subject cargo of long grain milled rice in bulk.

4. At all times material hereto, SCF was and still is a corporation organized and existing under the laws of the State of Delaware, with its office and principal place of business in St. Louis, Missouri, and which was, at all times material hereto, the owner and/or operator of, *inter alia,* Barges SCF 24065, SCF 24009, and SCF 26141B, and which was engaged in the common carriage of merchandise by water for hire.

5. In August 2008, the long grain milled rice referred to above was loaded onboard, *inter alia,* Barges SCF 24065, SCF 24009, and SCF 26141B, all in good order and condition for carriage to Darrow, Louisiana and storage aboard said barges in consideration of an agreed daily freight and in accordance with the terms of the bills of lading that were issued and signed by SCF and/or its duly authorized agents.  (Copies of said Bills of Lading for each of the above-listed barges are attached hereto as Exhibits A, B, and C, respectively.)

6. The barges arrived at Darrow, Louisiana and thereafter were fleeted at or near Mile 179-180 in the Mississippi River, where the barges remained under the care, custody, and control of SCF and/or their agents.

7. Thereafter, on or about September 1, 2008, the cargo of long grain milled rice was discovered not to be in the same good order and condition as when received by defendant, but to the contrary, the cargo was discovered to be in a wet, lumpy, damaged and/or contaminated condition, all as a result of defendant's negligence and/or breach of defendant's obligations and duties as a common carrier and/or bailee of said cargo and/or in breach of the defendant's obligations under the bills of lading and/or contract(s) of carriage and/or statutes and/or laws applicable thereto; and/or as a result of defendant's negligence, neglect and fault, as well as its

breach of a maritime contract, breach of the contract of carriage and bailment, and/or breach of defendant's other contractual and legal obligations and/or the unseaworthiness of Barges SCF 24065, SCF 24009, and SCF 26141B.

8. The damaged condition of the aforesaid consignment of long grain milled rice in bulk, to wit: the rice was wet, lumpy, contaminated and/or emitted a sour and foul odor, was not caused by the negligence of fault of plaintiffs or someone for whose actions plaintiffs may be responsible; rather, the damages were the result of Defendant SCF's fault, negligence, breach of maritime contract, breach of warranty (both express and implied), failure to perform its duties in a workmanlike manner, failure to properly inspect, cover, fleet, secure and/or maintain the barges, negligent bailment, failure to properly load, stow, trim, carry, store, discharge and handle said cargo of long grain milled rice in bulk, and failure to take reasonable and proper precautions and safeguards to protect the cargo, and in such other particulars as will be shown at the trial of this matter. Plaintiffs reserve the right to supplement and amend the foregoing as more information becomes available through discovery.

9. Plaintiffs further aver that said damages were the result of the unseaworthiness of Barges SCF 24065, SCF 24009, and SCF 26141B and the failure of defendant to exercise due diligence to make, maintain and keep said barges fit, tight, staunch and in all respects seaworthy for the carriage and/or storage of the cargo and the negligence and breach of maritime contract, both express and implied, of defendant, its agents, servants and/or employees which resulted in damage to the long grain milled rice in bulk that was loaded aboard Barges SCF 24065, SCF 24009, and SCF 26141B, at New Madrid, Missouri.

10. Prior to and at the time of the damage to the aforementioned cargo onboard Barges SCF 24065, SCF 24009, and SCF 26141B, plaintiff, Riceland, was the owner of said

cargo and brings this action on its own behalf and as agent and trustee on behalf of its underwriters and all others who are now or may become interested in said cargo, as their respective interest may ultimately appear.

11. Plaintiffs and/or their predecessors-in-title have performed all the conditions precedent on their part to be performed under the terms of the above-referred to bills of lading.

12. By reason of the foregoing premises, Plaintiffs have sustained damages in the sum of FOUR MILLION SEVEN HUNDRED THIRTY-EIGHT THOUSAND TWO HUNDRED THIRTEEN AND 38/100 ($4,738,213.38) Dollars, plus attorneys' fees, interest (including pre-judgment interest), and costs, as nearly as presently can be estimated, no part of which has been paid, although duly demanded.

13. All in singular, the foregoing premises are true and correct and within the admiralty and maritime jurisdiction of the United States of America and this Honorable Court.

**WHEREFORE,** Plaintiffs pray that:

1. Defendant, SCF Marine, Inc. be required to appear and answer under oath all and singular the allegations set forth herein;

2. Plaintiffs have judgment against defendants in the amount of $4,738,213.38, plus interest, costs, and attorneys' fees; and

3. Plaintiffs have all such other and further relief as the law and justice of the case may allow.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ John S. Farmer
   Raymond L. Massey, #3764
   John S. Farmer, #80117
   One US Bank Plaza
   St. Louis, Missouri 63101
   314-552-6000
   FAX 314-552-7000
   rmassey@thompsoncoburn.com
   jfarmer@thompsoncoburn.com

   Attorneys for Plaintiffs Riceland Foods, Inc. and Tokio Marine Europe Insurance Ltd.

   and

Of Counsel:

MURPHY, ROGERS, SLOSS & GAMBEL
E. Carroll Rogers (La. Bar No. 11421)
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139
Telephone: (504) 523-0400
Facsimile: (504) 523-5574